**UNITED STATES of America, Appellee,**

v.

**Brian Keith JOHNSON, Appellant.**

**No. 95–1379.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 29, 1995.

Decided July 12, 1995.

Phillip M. Hendry, Little Rock, AR, for appellant.

Kevin T. Alexander, Asst. U.S. Atty., Little Rock, AR, for appellee.

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Brian Keith Johnson appeals his 92–month sentence imposed by the district court [1] after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.

Johnson was charged in a two-count indictment with possessing 1.442 grams of crack cocaine and with being a felon in possession of a firearm. Johnson pleaded guilty to the firearm charge, and the drug charge was dismissed. According to the presentence report (PSR), the Little Rock Police Department (LRPD) obtained a search warrant for the house where Johnson resided after investigators made three cocaine purchases there. In the room where Johnson was arrested, police found three crack pipes, five pieces of crack, a loaded Ruger .357 pistol, and $740 in cash. Johnson admitted at sentencing that the gun and the drug paraphernalia belonged to him. State charges for cocaine possession with intent to deliver, drug paraphernalia possession, maintaining drug premises, being a felon in possession of a firearm, and first degree aggravated assault were not filed because of the federal prosecution.

The PSR recommended holding Johnson accountable for the dismissed crack cocaine charge as relevant conduct, noting that the amount of crack cocaine found was sufficient for a state felony charge of possession with intent to deliver. The PSR indicated a four-

---

1. The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas.

level enhancement under U.S.S.G. § 2K2.1(b)(5) for possessing the firearm in connection with another felony offense. Johnson's total offense level of 24 and his criminal history category of V resulted in a Guidelines range of 92 to 115 months.

At sentencing, Johnson objected to the four-level increase for possessing the firearm in connection with another felony offense. After hearing testimony, the court determined that the government "had carried its burden of showing a sufficient nexus between the firearm and the drug paraphernalia and the connection with another felony." The court found the four-level enhancement to be appropriate, adopted the PSR's calculations, and sentenced Johnson to 92 months imprisonment and three years supervised release.

■ On appeal, Johnson argues the district court erred when it found that mere possession of a firearm and drug paraphernalia constituted possession of a firearm "in connection with" a felony for purposes of imposing a four-level section 2K2.1(b)(5) enhancement.

■ We may reverse a district court's findings regarding a defendant's purposes in possessing a firearm only if they are clearly erroneous. *United States v. Kissinger,* 986 F.2d 1244, 1246 (8th Cir.1993). Section 2K2.1(b)(5) provides for a four-level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." "Felony offense," as used in this subsection, means "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." Section 2K2.1, comment. (n. 7).

Here, the loaded pistol was in the same room where drugs and drug paraphernalia belonging to the defendant were kept, prior controlled drug buys occurred at the house, and the defendant had taken both the loaded pistol and the drugs with him to get a cheeseburger just prior to his arrest. In light of the testimony at sentencing and the fact that possession of drug paraphernalia is a felony under state law, the district court did not clearly err in finding the government had met its burden of showing Johnson possessed the loaded firearm in connection with another felony offense. *See United States v. Gomez–Arrellano,* 5 F.3d 464, 466–67 (10th Cir.1993) ("in connection with" element of section 2K2.1(b)(5) would be satisfied if government showed weapon facilitated or had potential to facilitate drug offense, but is not satisfied if weapon's possession is coincidental or entirely unrelated to offense; "weapon's physical proximity to narcotics may be sufficient to provide the nexus required between the weapon and the drug charges"); *United States v. Condren,* 18 F.3d 1190, 1197–1200 (5th Cir.) (concluding firearm possessed "in connection with" drug felony under section 2K2.1(b)(5) where the firearm was merely present in a location near the drugs where it could be used to protect them), *cert. denied,* —— U.S. ——, 115 S.Ct. 161, 130 L.Ed.2d 99 (1994).

Accordingly, the judgment is affirmed.