_____

No. 95-3308
_____

United States of America,                   *
                                             *
            Appellee,                        *
                                             *  Appeal from the United States
      v.                                     *  District Court for the
                                             *  Eastern District of Missouri.
Carl Robinson,                               *
                                             *      [UNPUBLISHED]
            Appellant.                       *


_____

        Submitted:  September 12, 1996

          Filed:  November 29, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


      Carl Robinson challenges the 66-month sentence imposed by the
district court[1] after he pleaded guilty to being a felon in possession of
a firearm, in violation of 18 U.S.C. § 922(g)(1).  We affirm.


      A police officer stopped Robinson for a traffic violation and asked
Robinson to exit his vehicle.  With Robinson's consent, the officer
searched his person and discovered a "hunting-type knife."  The officer
arrested Robinson, and a search of the car revealed a loaded, functioning
pistol near the driver's seat.  The presentence report recommended a four-
level offense-level increase under U.S.S.G. § 2K2.1(b)(5), on the basis
that Robinson possessed the firearm "in connection with another felony
offense," namely, two

_____

      [1]The Honorable Stephen N. Limbaugh, United States District
Judge for the Eastern District of Missouri.

counts of "Unlawful Use of a Weapon" to which Robinson had pleaded guilty in state court.

Robinson objected, contending the increase was not merited because he was outside his car in police custody and the firearm was inside the car, out of his reach and control. Thus, Robinson argued, he no longer possessed the gun at the time he advanced on the officers and unlawfully used the knife. The district court overruled the objection on the basis that unlawful use of a weapon is a continuing offense. Robinson now contends the evidence was insufficient to support the increase, because the government failed to satisfy section 2K2.1(b)(5)'s "in connection with" requirement by proving he possessed the firearm to facilitate his unlawful use of the knife, citing United States v. Routon, 25 F.3d 815 (9th Cir. 1994).

We need not address the argument Robinson raises on appeal, because he failed to present it to the district court. See United States v. Payne, 81 F.3d 759, 764 (8th Cir. 1996). We conclude the district court did not clearly err. See United States v. Johnson, 60 F.3d 422, 423 (8th Cir. 1995) (per curiam) (standard of review).

Accordingly, the judgment of the district court is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.