**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3712

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| Darrell Regans, also known as | * Eastern District of Missouri. |
| Kevin Price, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted: May 20, 1997
Filed: October 17, 1997

_____

Before BEAM, FRIEDMAN,* and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Darrell Regans appeals the 110-month sentence imposed after he pleaded guilty to being a felon in possession of a firearm. Regans argues that the district court[1] erred in applying the four-level enhancement prescribed in U.S.S.G. § 2K2.1(b)(5) for

---

*The HONORABLE DANIEL M. FRIEDMAN, United States Circuit Judge for the Federal Circuit, sitting by designation.

[1]The HONORABLE E. RICHARD WEBBER, United States District Judge for the Eastern District of Missouri.

possessing a firearm "in connection with another felony offense" solely because Regans was in possession of a small quantity of heroin at the time of his arrest. We affirm.

The following facts are undisputed. Regans was a passenger in a car stopped for a traffic violation. When Regans appeared to be concealing a weapon, the officers conducted a pat-down search and discovered a .22 caliber pistol in his waistband. They arrested Regans and brought him to the police station, where a further search uncovered .29 grams of heroin. Regans said he possessed the heroin for personal use.

Regans pleaded guilty in state court to possession of heroin, a felony charge, and was sentenced to two years probation. He then pleaded guilty to this federal charge of being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). His Presentence Investigation Report recommended a four-level enhancement under § 2K2.1(b)(5) because carrying the firearm along with the heroin warranted a finding that the firearm was possessed "in connection with" the drug felony. Regans objected to that recommendation, arguing that he possessed only a small amount of heroin consistent with personal use, and there was no evidence "that the possession of the weapon and the possession of heroin are in connection with each other." The district court disagreed, finding that Regans "did possess a firearm in connection with another felony offense," and applied the four-level § 2K2.1(b)(5) enhancement.

Regans's state court conviction was "another felony offense" for purposes of § 2K2.1(b)(5). See U.S.S.G. § 2K2.1, comment. (n.7). Thus, the only question is whether he possessed the firearm "in connection with" that felony. The district court's finding regarding Regans's purpose in possessing the firearm is reviewed for clear error. See United States v. Kissinger, 986 F.2d 1244, 1246 (8th Cir. 1993).

The Guidelines do not attempt to define the term "in connection with." Adopting an ordinary meaning approach, most circuits have concluded that the phrase "should be construed as equivalent to the 'in relation to' language of 18 U.S.C. § 924(c)(1)."

United States v. Spurgeon, 117 F.3d 641, 643-44 (2d Cir. 1997), and cases cited. Equating the two is convenient because the Supreme Court has clarified the meaning of "in relation to" in § 924(c)(1):

> The phrase "in relation to" thus, at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence. . . . Instead, the gun at least must "facilitat[e], or ha[ve] the potential of facilitating," the drug trafficking offense.

Smith v. United States, 508 U.S. 223, 238 (1993).[2]

Regans argues the district court erred in finding the requisite connection between the firearm and his drug felony because the firearm was merely "coincidental" to his possession of heroin. We have frequently observed that a firearm is a "tool of the trade" for drug dealers; therefore, a factfinder may infer a connection when defendant carried a firearm and a distribution quantity of illegal drugs. For example, in United States v. White, 81 F.3d 80, 82-83 (8th Cir. 1996), we affirmed an 18 U.S.C. § 924(c) conviction because defendant carried a firearm while distributing crack cocaine. Similarly, we affirmed a § 2K2.1(b)(5) enhancement in United States v. Johnson, 60 F.3d 422 (8th Cir. 1995), a case in which a drug dealer was arrested with a firearm, crack cocaine, and drug paraphernalia in his home. We commented that a "weapon's physical proximity to narcotics may be sufficient to provide the nexus required between the weapon and the drug charges." Id. at 423, quoting United States v. Gomez-

---

[2]Smith also construed the term "use" in § 924(c)(1), and its construction was overruled in Bailey v. United States, 116 S. Ct. 501 (1995). The "use" issue decided in Bailey is not present here because U.S.S.G. § 2K2.1(b)(5), like § 2D1.1(b)(1), applies if the weapon was *possessed* with the requisite connection to another offense, without regard to use. See United States v. Imes, 80 F.3d 1309, 1313-14 (9th Cir.), vacated on other grounds, 91 F.3d 1210 (9th Cir. 1996).

<u>Arrellano</u>, 5 F.3d 464, 466-67 (10th Cir. 1993). <u>Accord</u> <u>United States v. Burke</u>, 91 F.3d 1052 (8th Cir. 1996), applying U.S.S.G. § 5C1.2.

Regans notes that the defendants in <u>Johnson</u> and these other cases were drug dealers and argues it is wrong to infer a connection between the firearm and the drug felony when defendant carried a firearm along with only a small amount of drugs for personal use. We disagree. This enhancement and other Guidelines provisions such as § 2D1.1(b)(1) are based in part on the increased risk of violence whenever guns are in the possession of persons engaged in committing drug felonies. <u>See</u> <u>United States v. Condren</u>, 18 F.3d 1190, 1195-98 (5th Cir. 1994), <u>cert. denied</u>, 513 U.S. 856 (1994). When a firearm is carried during a drug offense, including a possession-for-use offense, the drug felon has the ability to use the weapon in connection with his drug offense. Or, as the Fifth Circuit put it in explaining <u>Condren</u>, "Theft is a close and ever present partner of illegal drugs." <u>United States v. Fadipe</u>, 43 F.3d 993, 994 (5th Cir. 1995). The firearm may not be a "tool of the trade," because possession for use is not a "trade" like drug trafficking. But when a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender. Thus, a finding of the requisite connection in this situation is consistent with the purpose of § 2K2.1(b)(5) and cannot be clearly erroneous except, perhaps, in the exceptional circumstance recognized in Application Note 3 to § 2D1.1 -- if "it is clearly improbable that the weapon was connected with the offense." No such improbability is apparent from this record. Accordingly, the judgment of the district court must be affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-