**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                              No. 98-4513

WILLIAM HENRY REID, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-97-748)

Submitted: February 16, 1999

Decided: April 7, 1999

Before ERVIN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin Thomas Stepp, FEDERAL PUBLIC DEFENDER'S
OFFICE, Greenville, South Carolina, for Appellant. Harold Watson
Gowdy, III, OFFICE OF THE UNITED STATES ATTORNEY,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William Henry Reid, Jr., appeals from his conviction and sentence imposed after a jury trial of being a convicted felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West 1994 & Supp. 1998). Reid's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in his view, there are no meritorious grounds for appeal. Reid was informed of his right to file a supplemental informal brief and has done so. We affirm.

The Government's evidence at trial established that when Spartanburg County Deputy Sheriff Kevin Bobo went to Reid's residence to arrest him on several outstanding traffic offense warrants, Bobo observed in plain view what he had reason to believe were items stolen from the home of an elderly woman whose house Reid had previously rented. Bobo obtained a search warrant and returned later that same day with other officers to search for the stolen goods. In the process of conducting the search, officers found two firearms in the drawer of a dresser in Reid's bedroom.

At the close of the Government's case, Reid's counsel moved for a judgment of acquittal under Fed. R. Crim. P. 29, which the district court denied. Because the evidence was sufficient to support a conviction under § 922(g)(1), the district court did not err in denying Reid's Rule 29 motion. See 18 U.S.C.A. § 922(g)(1); Fed. R. Crim. P. 29; United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992); United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992).

The presentence investigation report (PSR) recommended that Reid receive a four-level upward adjustment under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (1997), for possession of a firearm in connection with the felony offense of grand larceny. The district court overruled Reid's objection, finding the adjustment warranted based on the grand larceny as well as evidence that Reid possessed marijuana with intent to distribute. The evidence was sufficient to show that the firearms were possessed in connection with the offense of possession of marijuana with intent to distribute, thus warranting the

2

adjustment on that basis. See USSG § 2K2.1(b)(5); Smith v. United States, 508 U.S. 223, 238 (1993); United States v. Regans, 125 F.3d 685, 686-87 (8th Cir. 1997), cert. denied, ___ U.S. ___, 118 S. Ct. 1398 (1998); United States v. Nale, 101 F.3d 1000, 1003-04 (4th Cir. 1996). Accordingly, the district court did not clearly err in applying the adjustment. See Nale, 101 F.3d at 1003.

The PSR also recommended a two-point upward adjustment in Reid's offense level for obstruction of justice because Reid perjured himself at trial. The district court did not clearly err in applying this adjustment. See USSG § 3C1.1. Likewise, the district court did not err in adding two points to Reid's criminal history category under USSG § 4A1.1(e).

The Government moved for an upward departure under USSG § 4A1.3(e), relying on Reid's numerous prior convictions and several serious pending charges. The court departed upwards from a criminal history category of IV to a category of V. The court did not abuse its discretion in determining Reid's guideline range based on a criminal history category of V. See USSG § 4A1.3(e), p.s.; United States v. Rybicki, 96 F.3d 754, 756-57 (4th Cir. 1996). Finally, because the record does not conclusively show that Reid received ineffective assistance of counsel, we decline to address this issue. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995).

The remaining claims not raised by counsel but raised by Reid in his informal brief lack merit. Bailey v. United States, 516 U.S. 137 (1995), concerns the showing necessary to sustain a conviction under the "use" prong of 18 U.S.C.A. § 924(c) (West 1994 & Supp. 1998), and does not affect the result of this appeal. Likewise, the record shows that police officers did not exceed the scope of the warrant in searching Reid's home.

As required by Anders, we have examined the entire record and find no meritorious issues for appeal. Because the record discloses no reversible error, we affirm Reid's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to peti-tion the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

3

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4