# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3107

_____

United States of America,           *
                                   *

         Appellee,          *    Appeal from the United States
                                   *    District Court for the
        v.                   *    Southern District of Iowa.
                                   *

David Winslow Dunham,        *       [UNPUBLISHED]
                                   *

         Appellant.        *

_____

Submitted:  August 30, 1999

Filed:   September 9, 1999

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

David Winslow Dunham pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846 and was sentenced by the District Court[1] to eighty-eight months in prison. Dunham argues on appeal that the District Court erred in assigning a two-level increase under United States Sentencing Guidelines § 2D1.1(b)(1) for possession of a firearm in connection with a drug offense. We review for clear error the District Court's determination that the weapon in question

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

was sufficiently connected to the drug offense for which Dunham was convicted. See United States v. Betz, 82 F.3d 205, 210 (8th Cir. 1996).

Dunham first argues that the assignment of the § 2D1.1(b)(1) sentencing enhancement was erroneous because the Government failed to prove the elements of 18 U.S.C. § 924(c)(1). Dunham's assertion is without merit. Section 924(c)(1) establishes statutory minimum sentences for the offense committed by a person who, "during and in relation to any . . . drug trafficking crime . . ., uses or carries a firearm." 18 U.S.C. § 924(c)(1) (1994); see also Bailey v. United States, 516 U.S. 137, 150 (1995). Section 2D1.1(b)(1), by contrast, does not require that a defendant use or carry a firearm; it requires only that "a dangerous weapon (including a firearm) was possessed." U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1998). Section 924(c)(1) and § 2D1.1(b)(1) differ, and the strictures of § 924(c)(1), Dunham not having been convicted under that section, are of no moment in this case. See United States v. Regans, 125 F.3d 685, 686 n.2 (8th Cir. 1997) (stating that the Supreme Court's construction of § 924(c)(1) in Bailey does not control the application of § 2D1.1(b)(1)), cert. denied, 118 S. Ct. 1398 (1998); Betz, 82 F.3d at 210 n.3 (same).

For the § 2D1.1(b)(1) enhancement to apply, the Government need only show by a preponderance of the evidence that "'the weapon was present, and . . . that it was not clearly improbable that the weapon had a nexus with the criminal activity.'" Brown v. United States, 169 F.3d 531, 532 (8th Cir. 1999) (quoting United States v. Bost, 968 F.2d 729, 732 (8th Cir. 1992)). The Government met this standard by presenting testimony at Dunham's sentencing hearing that weapons were present during the methamphetamine conspiracy and that Dunham and other conspirators possessed firearms as a matter of course while conducting drug transactions.

Dunham challenges the testimony presented by the Government, however, on the basis that it was unreliable and therefore could not support the District Court's assignment of the § 2D1.1(b)(1) sentencing enhancement. The District Court's findings

of fact at sentencing are reviewed for clear error, and because the District Court "is best able to assess the value of testimony[,] . . . its findings regarding witness credibility are . . . given great deference and are virtually unreviewable on appeal." United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir. 1999) (internal quotations omitted). The District Court acknowledged several inconsistencies in the testimony of the Government's witnesses that were brought out by Dunham's counsel on cross-examination. The court then made specific credibility findings in light of all the evidence, and found that the testimony regarding the possession of firearms by Dunham and his co-conspirators in connection with the conspiracy was sufficiently reliable for purposes of § 2D1.1(b)(1). Giving the District Court's credibility findings the great deference to which they are entitled, we hold that the District Court did not clearly err in assigning Dunham the § 2D1.1(b)(1) sentencing enhancement.

Dunham's sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.