**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4930

DEMARIOUS D. AUSTIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-98-156)

Submitted: July 30, 1999

Decided: September 17, 1999

Before LUTTIG and MOTZ, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. David Whaley, Anthony G. Spencer, MORCHOWER, LUXTON
& WHALEY, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, S. David Schiller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Demarious D. Austin appeals his convictions and sentence following a guilty plea to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (1994) and possession of a firearm as a drug user in violation of 18 U.S.C.A. § 922(g)(3) (West Supp. 1999). Austin contents that: (1) the district court erred in increasing his sentence offense level for possession of firearms in connection with another felony offense; and (2) the court erred in failing to reduce his offense level for lawful possession of firearms solely for sporting purposes. Finding no error, we affirm.

We find that the evidence was sufficient to show that the firearms in question were possessed in connection with the offense of possession of marijuana with intent to distribute, thus warranting the adjustment on that basis. See U. S. Sentencing Guidelines Manual § 2K2.1(b)(5) (1997); United States v. Mitchell, 104 F.3d 649, 654 (4th Cir. 1997); United States v. Regans, 125 F.3d 685, 686-87 (8th Cir. 1997), cert. denied, 118 S. Ct. 1398 (1998) (No. 97-8157); United States v. Nale, 101 F.3d 1000, 1003-04 (4th Cir. 1996). Accordingly, the district court did not clearly err in applying the adjustment. See Nale, 101 F.3d at 1003.

Moreover, the district court denied Austin a reduction under USSG § 2K2.1(b)(2) based upon its finding that Austin did not possess the firearms in question solely for hunting purposes. We agree with the court's conclusion that Austin was not entitled to an adjustment for use of a firearm solely for sporting purposes or collection. However, our conclusion is based upon the more fundamental reason that USSG § 2K2.1(b)(2) does not apply to defendants, like Austin, who are "subject to" USSG § 2K2.1(a)(4) or § 2K2.1(a)(5). See USSG § 2K2.1(b)(2) (precluding application of reduction for "defendants subject to subsection (a)(1), (a)(2), (a)(3), (a)(4), or (a)(5)").

2

Accordingly, we affirm Austin's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3