United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No.  00-4045

_____

United States of America,          *
                                   *
              Appellee             *
                                   *    Appeal from the United States
                                   *    District Court for the
       v.                          *    Western District of Missouri
                                   *
Juan Martinez,                     *
                                   *
              Appellant            *

_____

Submitted : May 18, 2001

Filed:    August 3, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and BARNES,[1] District
Judge

_____

BARNES, District Judge.

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western
District of Arkansas, sitting by designation.

Defendant/Appellant Juan Enrique Martinez appeals the district court's[2] sentencing decision to enhance his offense level by 4 for possession of a firearm in connection with another felony offense, pursuant to § 2K2.1(b)(5) of the sentencing guidelines. Because we find no clear error in the district court's application of the § 2K2.1(b)(5) enhancement, we affirm.

## I.

On March 7, 1994, Martinez was charged by indictment with 5 counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922. The plea agreement provided that Defendant would plead guilty to Count 1 and that Counts 2, 3, 4, and 5 would be considered relevant conduct. Martinez pleaded guilty to Count 1 pursuant to the plea agreement and was sentenced on December 11, 2000. Martinez was incarcerated in Florida on other charges during the time lapse between the March 1994 indictment and the December 2000 sentencing.

At the sentencing hearing, ATF Special Agent Steven Neal Wilson testified regarding the evidence developed in his investigation of Defendant. Wilson testified that the presentence report accurately reflected the investigative file. Count 3 stated that on April 21, 1993 officers executed a search warrant at the residence of Martinez's girlfriend, 350 East Armour, Kansas City, Missouri, and found approximately 16 grams of crack cocaine, 22 grams of another white powdery substance, and a .45 caliber Colt semi-automatic pistol. The drugs were found in the living room and the hall closet, and the firearm was found on top of a wooden chest in the dining room. While the officers were still executing the warrant, Martinez, who had a key, returned to the apartment and told police that his girlfriend, Leda Pautaleon, lived in the apartment. Police arrested Martinez for possession of crack cocaine and found $618 cash.

Agent Wilson testified to at least four other instances in which Martinez was

[2]The Honorable Fernando Gaitan, Jr., United States District Judge for the Western District of Missouri.

2

found in possession of firearms during a period of time from November 17, 1992 through August 21, 1993, in which he was also found to be in possession of illegal drugs including crack cocaine, cocaine, and marijuana. (PSI, ¶¶ 7-15). On April 6, 1993, the narcotics unit in Kansas City, Missouri was contacted by a Tennessee narcotics enforcement officer who reported that Martinez and a woman named Leda Pautaleon were driving to Florida to pick up a shipment of cocaine when their car broke down.

At Martinez' sentencing hearing, the district court stated that it "would appear that if there was a true narcotics violation that the defendant would have been charged with a narcotics offense" but that "directly and indirectly the guns are part of the business of dealing in narcotics, so usually when you see one, you see the other." The district court found that the government had proven the enhancement by a preponderance of the evidence and applied the 4 level enhancement for a total offense level of 23, which resulted in a sentence of 92 months.

## II.

We review the district court's ruling *de novo* for clear error. See States v. James, 172 F.3d 588 (8th Cir. 1999). To calculate offense level, the Sentencing Guidelines, § 2K2.1(b)(5) require: "If the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." The thrust of Defendant's argument is that insufficient evidence was presented to prove that any firearms were possessed "in connection with" a felony offense.

We observed in United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997), that the Guidelines do not attempt to define the term "in connection with." Adopting an ordinary meaning approach, most circuits have concluded that the phrase "should be

3

construed as equivalent to the 'in relation to' language of 18 U.S.C. § 924(c)(1).[3]" <u>See</u> <u>Regans,</u> 125 F.3d at 686 (citing <u>United States v. Spurgeon,</u> 117 F.3d 641, 643-44 (2d Cir. 1997). Equating the two is convenient because the Supreme Court has clarified the meaning of "in relation to" in § 924(c)(1): The phrase "in relation to" thus, at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence . . . . Instead, the gun at least must "facilitat[e], or ha[ve] the potential of facilitating," the drug trafficking offense. <u>Regans,</u> 125 F.3d at 686 (quoting <u>Smith</u> <u>v. United States,</u> 508 U.S. 223, 238, 113 S.Ct. 2050, 2058-59, 124 L.Ed.2d 138 (1993)). <u>See also, U.S. v. Bunner,</u> 134 F.3d 1000, 1006 (10th Cir. 1998)("We have generally held that if the weapon facilitated or had the potential to facilitate the underlying felony, then enhancement under § 2K2.1(b)(5) is appropriate.").

In <u>Regans</u>, we affirmed the district court's § 2K2.1(b)(5) enhancement where the defendant possessed a firearm at the same time he was in possession of a small amount of heroin for personal use. <u>Regans,</u> 125 F.3d at 686. This enhancement, and other Guidelines provisions such as § 2D1.1(b)(1), are based in part on the increased risk of violence whenever guns are in the possession of persons engaged in committing drug felonies. <u>See id., United States v. Condren,</u> 18 F.3d 1190, 1195-98 (5th Cir.1994).

We also affirmed a § 2K2.1(b)(5) enhancement in <u>United States v. Johnson,</u> 60 F.3d 422 (8th Cir.1995), a case in which a drug dealer was arrested with a firearm, crack cocaine, and drug paraphernalia in his home. We commented that a "weapon's physical proximity to narcotics may be sufficient to provide the nexus required between

---

[3] 18 U.S.C. § 924(c)(1) provides enhanced penalties for. . . [a]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . ."

the weapon and the drug charges." Id. at 423, (quoting United States v. Gomez-Arrellano, 5 F.3d 464, 466-67 (10th Cir.1993)); see also, U.S. v. Peterson, 233 F.3d 101, 111 (1st Cir. 2000) ([W]e will find that a firearm has been used "in connection with" an offense "if the possession has 'the potential to aid or facilitate' the other crime. . . . We have not even required physical proximity between the firearms and the narcotics.)

III.

We find that the events supporting Count 3, which occurred on April 21, 1993 at 350 East Armour, Apt. 602, Kansas City, Missouri, are sufficient in themselves to support the 4 level increase. The firearm was laid on top of a chest in the dining room of the apartment where drugs were found. The accessible placement of the firearm easily supports the government's contention that the firearm was used to facilitate drug trafficking or intended to protect the drugs or Defendant himself based on his involvement in a drug enterprise, whether successful or failed. This finding is further supported by the evidence presented at sentencing of the continuing involvement by Defendant with illegal drugs and his possession of at least 4 other firearms, all within a continuous period of 10 months.

The evidence presented by Agent Wilson is particularly relevant to the enhancement since Defendant agreed in his plea agreement that Counts 2 through 5 of the indictment would be considered as relevant conduct for sentencing purposes. We find no error where the district court found that the government proved by a preponderance of the evidence that Martinez's possession of the gun on April 21, 1993 was "in connection with" another drug felony, even though he was not charged with another drug felony at the time. We affirm the district court's decision to apply the § 2K2.1(b)(5) enhancement.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.