# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2630
_____

United States of America,

      Appellee,

vs.

Kenneth L. Linson,

      Appellant.

\*
\*
\*
\*
\*  Appeal from the United
\*  States District Court
\*  for the Western District
\*  of Missouri.
\*
\*

_____

Submitted: December 11, 2001
Filed: January 16, 2002
_____

Before LOKEN and BYE, Circuit Judges, and BOGUE,[1] District Judge.
_____

BOGUE, District Judge.

Kenneth Linson appeals his sentence after his plea of guilty to being a felon in possession of a firearm. At sentencing, Linson objected to a four-level enhancement

---

[1] The Honorable Andrew W. Bogue, United States Senior District Judge for the District of South Dakota, sitting by designation.

of the offense level for possession of a firearm in connection with another felony, namely possession of a controlled substance.

U.S.S.G. § 2K2.1(b)(5) states, "if the defendant used or possessed any weapon ... in connection with another felony offense ... increase by 4 levels." At the sentencing hearing, the United States took no position on the issue of the enhancement as recommended by the United States Probation Office, however, Linson objected arguing that the shotgun is typically a sport weapon and that the room in which the gun was found contained a personal use amount of marijuana. The district court[2] expressed reservations about following the enhancement and sentenced Linson to the minimum term in the given guideline range. We, however, determine there was more than ample support for the enhancement.

The sentencing guidelines and the consistent case law interpreting the guidelines hold that possession of a firearm contemporaneous with the commission of another felony offense requires a four-level enhancement unless it is "clearly improbable" that the firearm was used "in connection with" the contemporaneous felony. U.S.S.G. § 2D1.1 (n. 3); United States v. Rohwedder, 243 F.3d 423 (8th Cir. 2001); United States v. McCain, 171 F.3d 1168 (8th Cir.1999); United States v. Regans, 125 F.3d 685 (8th Cir. 1997); United States v. Johnson, 60 F.3d 422 (8th Cir. 1995).

Countless items typically involved in drug distribution were at Linson's residence and in the room with the loaded sawed-off shotgun next to the couch. Although Linson admitted to the gun possession and that there was two ounces of marijuana in the house, the search subsequent to his arrest produced countless items associated with the drug trade including; 257 grams of marijuana, a green water bong,

---

[2]The Honorable Howard F. Sachs, United States District Judge for the Western Division of Missouri.

a glass pipe with residue, a small "one-hit" pipe, rolling papers, a burnt marijuana cigarette, five sets of hemostats, electronic scales, triple beam scales, a user quantity of methamphetamine, a razor blade with white powder on it, straws, plastic baggies, a bag of white pills, flasks, rubber stoppers, test tubes, metal tongs, a black and white surveillance monitor, six boxes of shotgun shells, and loose shotgun shells near the loaded gun. Lastly, Linson's prior conviction for felony possession and distribution of a controlled substance only further supports the likelihood that he was engaged in a larger criminal scheme rather than a limited personal use/abuse problem.

The likelihood of violence greatly increases when a firearm is present in connection with illegal drug possession. Regans, 125 F.3d at 686. Linson's history of drug trafficking in addition to the vast collection of drug equipment is the classic situation where a loaded firearm can lead to a highly dangerous situation. Johnson, 20 F.3d at 423. While it was suggested at sentencing that a shotgun is typically a sport weapon, this particular gun was sawed-off to precisely the legal limit. Even if Linson were legally permitted to possess a firearm, the sawing-off of a shotgun hinders, rather than aides, the precision involved in sport shooting.

Firearms are the tools of the drug trade providing protection and intimidation. Rohwedder, 243 F.3d at 428. Linson's apologies to the district court ring hollow when the full scope of his misdeeds are considered. Through his actions, he has demonstrated a complete inability to obey the law. Accordingly, we affirm the four-level enhancement.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3