**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                    No. 02-4070

JUAN MORAN-PAZ,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-312)

Submitted: May 9, 2002

Decided: May 23, 2002

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Juan Moran-Paz pled guilty to one count of possession of a firearm by an illegal alien. When Moran-Paz was searched in response to a call claiming he entered a bar with a pistol, law enforcement authorities seized the pistol and approximately .247 grams of powder cocaine. Because possession of that amount of powder cocaine is a felony in North Carolina, the district court increased Moran-Paz's offense level by four levels pursuant to *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2001). On appeal, Moran-Paz contends the court erred because there was no evidence that his possession of the firearm was "in connection with" his possession of the small "user amount" of powder cocaine. Finding no error, we affirm.

The Government bears the burden of proving the facts necessary to establish the applicability of an enhancement under USSG § 2K2.1(b)(5) and we review the district court's factual findings for clear error. *United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001). A finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

In this case, the district court determined that Moran-Paz possessed the gun to protect his person and his property, that his property included the small amount of cocaine, and thus that he possessed the gun to protect, among other things, the cocaine. There is no evidence to the contrary, and this factual finding is not clearly erroneous. *See, e.g.*, *United States v. Regans*, 125 F.3d 685, 686-87 (8th Cir. 1997). Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*