# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1440

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Thomas E. Hayslett, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: September 10, 2002

Filed: September 16, 2002

———————

Before BOWMAN, LAY, and MURPHY, Circuit Judges.

———————

PER CURIAM.

The appellant, Thomas Hayslett, pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1994 & Supp.) and was sentenced to seventy-two months in prison. On appeal, Hayslett urges that the District Court erred when it denied his motion to suppress[1] and that the District Court further erred when it enhanced his offense level by four levels because his possession of the firearm was

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

"in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5) (2000). We find no error in the record before us and affirm.

We review the District Court's finding of facts for clear error and its conclusions of law de novo for both issues. See United States v. Kenney, 283 F.3d 934, 936 (8th Cir. 2002) (standard of review for application of sentencing guidelines); United States v. Wells, 223 F.3d 835, 838 (8th Cir. 2000) (standard of review for motion to suppress). In the first instance, we find no error in the District Court's denial of Hayslett's motion to suppress. The initial stop of the vehicle in which Hayslett was riding was lawful because the driver's failure to stop at a stop sign created sufficient probable cause for the police to stop the vehicle. See United States v. Foley, 206 F.3d 802, 805 (8th Cir. 2000). Hayslett's statement upon exiting the car that he had a gun created sufficient suspicion that he was armed to satisfy Terry v. Ohio's requirements for the officer's subsequent search. See Terry v. Ohio, 392 U.S. 1, 27 (1968) (holding that the Fourth Amendment "permit[s] a reasonable search for weapons for the protection of the police officer where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime"). Therefore, the District Court properly denied his motion to suppress.

We also find no error in the four-level enhancement of Hayslett's offense based on his possession of the firearm "in connection with another felony offense" pursuant to § 2K2.1(b)(5) of the United States Sentencing Guidelines. U.S.S.G. § 2K2.1(b)(5) (2000). There is no question that Hayslett's possession of even a small amount of crack cocaine was a felony under Missouri Law. See Mo. Rev. Stat. § 195.202 (2000). Here, Hayslett claims not that he did not "use[] or possess[]" the firearm, U.S.S.G. § 2K2.1(b)(5), but rather that his possession of it was merely for his own protection and was not "in connection with," and was actually independent of, his drug possession. In United States v. Regans, 125 F.3d 685 (8th Cir. 1997), cert. denied, 523 U.S. 1065 (1998), we upheld a similar enhancement and observed that

"when a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." Id. at 687. As in Regans, in this case, it was not "clearly improbable that" Hayslett's possession of the weapon facilitated, or had the potential to facilitate, his possession of the narcotics. See id. at 687 (quoting U.S. Sentencing Guidelines Manual § 2D1.1, Application Note 3 (1997)). Therefore, there was no error in the enhancement.

There being no merit to the appeal, we accordingly affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.