# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2384

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Gary P. Jones, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 6, 2002

Filed: May 1, 2003

_____

Before McMILLIAN, MURPHY, and MELLOY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Gary P. Jones ("defendant") appeals from a final judgment entered in the United States District Court for the Western District of Missouri[1] sentencing him to 92 months of imprisonment after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). United States v. Jones, No. 01-5049-01-CR W.D. Mo. May 23, 2002) (judgment). For reversal, defendant argues that the district court erred by applying the cross-referencing provision of

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

U.S.S.G. § 2K2.1(c)(1) for possessing the firearms in connection with the commission of a drug trafficking offense. For the reasons discussed below, we affirm the judgment of the district court.

Jurisdiction in the district court was proper based on 18 U.S.C. § 3231. Jurisdiction in this Court is proper based on 18 U.S.C. § 2742(a). The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

BACKGROUND

The facts in this case are not in dispute. On June 21, 2001, the Joplin, Missouri, Police Department received a Crimestoppers Hotline tip which advised police that defendant was in possession of a large quantity of cocaine base and a shotgun. The caller stated that defendant was staying at a Motel 6 and provided a description of defendant's car. Police officers were dispatched to the motel and found the car described by the caller. One of the officers used a K-9 dog to conduct a random search outside some of the ground floor rooms, and the dog alerted to defendant's room. Shortly thereafter, a woman, Evelyn Reeves ("Reeves"), and two small children exited the room and entered the car. At the time, Reeves was carrying several pieces of luggage, including a duffle bag, which she placed in the trunk of the car. Defendant then left the room, entered the car, and drove away.

Based on their knowledge that defendant's licence had been revoked, the police officers executed a traffic stop, arrested defendant, and searched his car. Reeves told the officers that defendant tried to give her a "baggie" containing cocaine base prior to stopping for police. Reeves refused, so defendant placed the "baggie" under the drivers seat. The officers searched under the seat and found a "baggie" containing 30.5 grams of cocaine base. Inside the trunk of the car, the officers found the duffle bag they had earlier seen Reeves bring out from the motel room. Inside the duffle bag, the officers found another "baggie" with 46.5 grams of marijuana, mail

addressed to defendant, a loaded Rhom .38 caliber revolver, a .45 caliber Interarms Star Pistol, and additional ammunition.

On January 24, 2002, defendant pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).[2] The district court ordered a Presentence Investigation Report ("PSIR"), which concluded that the cross-referencing provision in U.S.S.G. § 2K2.1(c)(1) should apply because defendant possessed the firearms in connection with his possession with intent to distribute cocaine base.  § 2K2.1(c)(1) provides in relevant part:

> (1)    If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply –
>
>     (A)    § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above [the base offense level as determined under U.S.S.G. § 2K2.1(a) and (b)].[3]

U.S.S.G. § 2X1.1(a) states that the base offense level should be "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty."  Therefore, the PSIR applied the provisions of U.S.S.G. § 2D1.1, covering

---

[2]Under the plea agreement, the government agreed to dismiss the count against defendant for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) because defendant pled guilty to related state charges in the Circuit Court of Jasper County, Missouri.

[3]The general provisions of 2K2.1 would have yielded an offense level of 24 prior to any acceptance of responsibility.

drug trafficking offenses. Based on the quantities of cocaine base and marijuana found in the car, plus a two-level enhancement for possession of a dangerous weapon, the PSIR calculated the defendant's base offense level at 30, but recommended a three-level reduction for acceptance of responsibility, setting defendant's total offense level at 27.

Defendant filed a written objection to the PSIR's proposed application of the cross-referencing provision in § 2K2.1(c)(1) on the basis that there was no evidence to show that he possessed the firearms in connection with the commission of another offense. The district court held a sentencing hearing on May 2, 2002. Overruling defendant's objection, the district court held that the cross-referencing provision of § 2K2.1(c)(1) applied and that defendant's base offense level was 30, but granted the three-level reduction for acceptance of responsibility, reducing defendant's total offense level to 27. Based on defendant's Criminal History Category of III, the district court found that the applicable guideline sentencing range was 87 to 100 months. The district court sentenced defendant to 92 months imprisonment, three years of supervised release, and a $100 special assessment. This appeal followed.

## DISCUSSION

We review the district court's findings regarding the purpose underlying defendant's possession of the firearms for clear error. United States v. Rohwedder, 243 F.3d 423, 428 (8th Cir. 2001) (citing United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997)).

The only issue on appeal is whether the district court erred in applying the cross-reference provision of § 2K2.1(c)(1). Defendant argues that the district court erred in finding that the firearms found in the trunk of his car were possessed in connection with the possession with the intent to distribute cocaine base. He maintains that, in response to his objections, the government was required to present

evidence at the sentencing hearing and the district court was required to make specific factual findings as to whether the firearm had "some purpose or effect with respect to the drug trafficking crime." United States v. Martinez, 258 F.3d 760, 762 (8th Cir. 2001) (citing Regans, 125 F.3d at 686). Defendant notes that the cocaine that was the subject of the enhancement was found under the driver's seat of the car, isolated from the firearms, which were inside the duffel bag in the locked trunk.[4] Because the firearms were spatially isolated from the cocaine at the time of his arrest and not easily accessible, defendant maintains there was insufficient evidence to prove that the firearms were meant to be used "in connection with" the drug possession offense. See United States v. Stapleton, 268 F.3d 597, 597 (8th Cir. 2001) (holding that "[a] specific objection to a statement in a [presentencing investigation report] triggers a district court's obligation to make a finding as to the factual dispute"). We disagree.

This court has previously determined that the "in connection with" phrase in § 2K2.1 means that "the firearm must have some purpose or effect with respect to the drug trafficking crime [and] must 'facilitate or have the potential of facilitating,' the drug trafficking offense.'" Martinez, 258 F.3d at 762 (quoting Regans, 125 F.3d at 686). This court has also held that "a firearm is a 'tool of the trade' for drug dealers; therefore, a factfinder may infer a connection when defendant carried a firearm and a distribution quantity of illegal drugs." Regans, 125 F.3d at 686. Thus, a firearm's "close physical proximity to [a] significant quantity of drugs provides sufficient nexus between the two to support an enhancement pursuant to [§ 2K2.1]."[5] United

[4]Defendant argued for the first time during oral argument that he is a double amputee missing both of his legs near the knee and could not therefore quickly or easily access the firearms in the trunk. Nothing in the record, however, indicates how severely defendant's disability limits his mobility.

[5]Defendant claims Rohwedder is distinguishable because, in that case, both the firearms and a majority of the drugs, methamphetamine, were locked together in a cabinet, which the court found negated Rohwedder's claims of spatial isolation. See United States v. Rohwedder, 243 F.3d 423, 428 (8th Cir. 2001). We note, however, that defendant's firearms were found in his car along with a distributable quantity of

States v. Rohwedder, 243 F.3d 423, 428 (8th Cir. 2001). Based on defendant's guilty plea, it is undisputed that he possessed the firearms at the same time he was in possession of a substantial quantity of cocaine base. The police found the firearms and ammunition in the trunk of the same car where they found the cocaine base. Thus, it was not "clearly improbable" that the firearms possessed by defendant facilitated, or had the potential to facilitate, the drug trafficking offense. Regans, 125 F.3d at 686 (quoting U.S.S.G. § 2D1.1, cmt. n.3). We therefore affirm the district court's application of the cross-referencing provision of § 2K2.1(c)(1) to defendant's sentence.

## CONCLUSION

Accordingly, the judgment of the district court is affirmed.[6]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

cocaine base, which is sufficient to support a conclusion that the firearms had at least the potential of facilitating the sale or distribution of drugs. See United States v. Regans, 125 F.3d 685, 687 (8th Cir. 1997) (noting "when a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways the weapon can facilitate the drug offense and dangerously embolden the offender").

[6]Defendant also filed a pro se motion under Fed. R. Crim. P. 11(e) arguing that the relevant conduct enhancement for drug possession applied to his sentence violated his plea agreement and that his sentence should be reduced accordingly. We decline to address this motion at this time because it is not properly before this court.