# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2183

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Robert Charles Zimmerman, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 17, 2003

Filed:  March 5, 2004
_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and RILEY, Circuit Judges.
_____

PER CURIAM.

Robert Zimmerman appeals from the sentence imposed following the entry of his plea of guilty to a charge of conspiring to distribute methamphetamine. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. Mr. Zimmerman maintains that the district court[1] erred in applying U.S.S.G. § 2D1.1(b)(1), which provides for a two-level enhancement to a defendant's base offense level in drug cases "[i]f a dangerous

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

weapon (including a firearm) was possessed."  The enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1(b)(1) comment. (n. 3).

There is no question that a gun was present in Mr. Zimmerman's house or that the drug conspiracy charged in the indictment operated out of that house.  But Mr. Zimmerman maintains that the gun belonged to a co-conspirator, and Mr. Zimmerman testified that he had locked the gun away in the safe in which the police found it to keep the co-conspirator from having access to it.  He argues therefore that his actions with respect to the gun were not in furtherance of the conspiracy but "antithetical to the offense." *See United States v. Lagasse*, 87 F.3d 18, 23 (1st Cir. 1996).

The district court held that the enhancement was applicable even if Mr. Zimmerman was telling the truth, and we agree.  Mr. Zimmerman admitted that his co-conspirator possessed the gun in the same room in Mr. Zimmerman's house in which drugs were found, and so we can hardly say that it was not "clearly improbable" that the gun was connected to the offense.  We have often remarked that guns and drug transactions are frequently connected.  *See*, *e.g.*, *United States v. Linson*, 276 F.3d 1017, 1019 (8th Cir. 2002).  Furthermore, even if the enhancement was not appropriate unless Mr. Zimmerman should have foreseen that his co-conspirator would possess a gun, the district court acted properly here, because, as the court remarked at sentencing, the use of a gun by a party to a drug conspiracy is reasonably foreseeable.  *Cf. United States v. Jones*, 195 F.3d 379, 383-84 (8th Cir. 1999).

Finding no error, we affirm.

_____