# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3555

_____

United States of America,    *
            *
    Appellee,     *
            * Appeal from the United States
  v.         * District Court for the
            * Western District of Missouri.
Joseph K. Johnston,     *
            *
    Appellant.    *

_____

Submitted:  April 16, 2004
Filed:  June 10, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Joseph K. Johnston pleaded guilty to two counts of possession of destructive devices in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  The district court[1] imposed concurrent sentences of forty-six months' imprisonment and three years' supervised release on each count.  Johnston appeals the district court's determination that he possessed the destructive devices "in connection with" another felony offense, a conclusion that resulted in application of a four-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(5).  We affirm.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Johnston was stopped for a traffic violation. During the course of the stop, officers observed an improvised explosive device in the vehicle. Johnston was placed under arrest, following which the officers conducted an inventory search of the vehicle's trunk, where they found another improvised explosive device as well as materials commonly associated with the illegal manufacture of methamphetamine. They also found a video camera that appeared destined to be placed inside a bird house (also found in the trunk) and used for surveillance at Johnston's residence. Officers then obtained a search warrant, which they executed at the residence Johnston shared with his girlfriend. There they found additional improvised explosive devices and components that could have been assembled into such devices. The officers also recovered a number of drug-related items from this same small area of the basement including articles commonly used in the illegal manufacture of methamphetamine, such as a chemistry flask, plastic tubing, rubber stoppers, glass tubes, scales, and plastic bags. Additionally, Johnston's girlfriend stated during an interview that Johnston had manufactured methamphetamine at their residence.

The district court's finding regarding Johnston's purpose in possessing the destructive devices is reviewed for clear error. United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997).

United States Sentencing Guidelines § 2K2.1(b)(5) provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense ... increase [the offense level] by 4 levels." Application note 1 to U.S.S.G. § 2K2.1 states that the term "firearm" includes any destructive device. The enhancement applies, where the other felony offense is a drug crime, if the presence of the destructive devices facilitates, or has the potential to facilitate, the drug crime. United States v. Kanatzar, No. 03-3376, slip op. at 6 (8th Cir. June 7, 2004); Regans, 125 F.3d at 686 (holding that this interpretation of the phrase "in relation to" in 18 U.S.C. § 924(c)(1) applies equally to the "in connection with" language of U.S.S.G. § 2K2.1(b)(5)). In fact, the destructive devices' close physical proximity to the drug-

manufacturing materials alone "may be sufficient to provide the nexus required between the weapon and the [other felony offense]" because the possibility exists that the destructive devices may facilitate the illegal drug manufacturing. United States v. Johnson, 60 F.3d 422, 423 (8th Cir. 1995) (per curiam). The enhancement is inapplicable, however, if the proximity of the destructive devices to the drug manufacturing materials is coincidental or accidental, Regans, 125 F.3d at 686, or if it otherwise appears "clearly improbable" that they were possessed in connection with another felony offense. United States v. Linson, 276 F.3d 1017, 1018 (8th Cir. 2002).

Given the nature of the devices, their close physical proximity to the drug manufacturing materials found in the residence, the fact that Johnston had destructive devices and drug manufacturing materials with him at the time of his arrest, the lack of any indication that their presence in the vehicle or residence was coincidental or accidental, and the girlfriend's statement that Johnston manufactured methamphetamine in the house, we conclude that there is a sufficient nexus between the destructive devices and Johnston's illegal methamphetamine manufacturing to support application of the U.S.S.G. § 2K2.1(b)(5) enhancement. Because the destructive devices and components thereof might have emboldened Johnston in his drug-related conduct, they therefore had the potential of facilitating another felony offense. Cf. United States v. Kolley, 330 F.3d 753, 757 (6th Cir. 2003).

The sentence is affirmed.

_____