**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4342**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

LANDIS LAMAR JACKSON,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:05-cr-00143-JAB)

---

Submitted:  February 21, 2008    Decided:  February 26, 2008

---

Before MICHAEL and MOTZ, Circuit Judges, and Irene M. KEELEY, Chief United States District Judge for the Northern District of West Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

Scott L. Wilkinson, SCOTT L. WILKINSON & ASSOCIATES, PC, Raleigh, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Landis Lamar Jackson pled guilty to being a felon in possession of a weapon. The district court increased Jackson's offense level by four, under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2005), because it found that he possessed the gun in connection another felony--here, distribution of cocaine. On appeal, Jackson alleges that this enhancement was error. For the reasons that follow, we affirm.

We review a district court's findings at sentencing for clear error and its legal determinations de novo. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). Jackson argues that the district court clearly erred by finding that the Government proved by a preponderance of the evidence, see United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (providing standard), that his possession of the weapon was related to his felony possession of crack cocaine. While the district court's finding that the cocaine and small amount of cash found on Jackson revealed he was distributing the drug may be clearly erroneous, we find that Jackson's admitted possession of cocaine, a felony under North Carolina law,[*] was sufficiently connected to his gun possession to support the enhancement. United States v. Regans, 125 F.3d 685, 686-87 (8th Cir. 1997). We may affirm a sentence enhancement "on the basis of 'any conduct [in the record] that

[*]See N.C.G.S. § 90-95(a)(3).

- 2 -

independently and properly should result in an increase in the offense level' by virtue of the enhancement." United States v. Garnett, 243 F.3d 824, 830 (4th Cir. 2001) (quoting United States v. Ashers, 968 F.2d 411, 414 (4th Cir. 1992)).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED