# United States Court of Appeals
## For the Eighth Circuit

_____

No. 10-3617

_____

United States of America

*Appellee*

v.

Custodio Garcia

*Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: September 18, 2012
Filed: October 29, 2012
[Unpublished]

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Custodio Garcia appeals his sentence for a drug-trafficking offense, arguing that the district court[1] should have applied the so-called "safety valve" provision, which

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge of the United States District Court for the Western District of Missouri.

allows a court to impose a prison sentence below the statutory minimum. *See* 18 U.S.C. § 3553(f). We affirm.

Mr. Garcia pleaded guilty to conspiring to distribute methamphetamine, cocaine, and marijuana, *see* 21 U.S.C. §§ 841(a)(1), 846, and to aiding and abetting the possession of a firearm during that conspiracy, *see* 18 U.S.C. § 924(c)(1)(A). The district court denied Mr. Garcia's request to apply the safety valve, finding that he "possess[ed] a firearm ... in connection with the [conspiracy] offense." *See* 18 U.S.C. § 3553(f)(2). Mr. Garcia argues that his possession of the gun was not in connection with the conspiracy offense but rather was "coincidental" or "entirely unrelated" to his drug trafficking crime.

Mr. Garcia's guilty plea is fatal to his contention. He pleaded guilty to violating § 924(c)(1)(A), which provides a statutory minimum sentence for persons who use or carry a firearm "during and in relation to any ... drug trafficking crime" or who possess a firearm "in furtherance of any such crime." We have held that "in relation to," as used in this section, is "equivalent" to the "in connection with" formulation, as used in U.S.S.G. § 2K2.1(b)(5), *see United States v. Regans*, 125 F.3d 685, 686 (8th Cir. 1997), and we see no meaningful difference between the two formulations in the circumstances before us. Though a defendant may also violate § 924(c)(1)(A) by possessing a gun "in furtherance" of a drug-trafficking crime, possession "in relation to" is subsumed within possession "in furtherance of," which requires a slightly higher burden of proof. *See United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006), *cert. denied*, 549 U.S. 1042 (2006). We therefore conclude that Mr. Garcia, by pleading guilty to the firearms offense, admitted that his possession of the gun was "in relation to," and thus "in connection with" the drug offense, as that phrase is used in § 3553(f)(2), and his admission disqualified him from safety-valve relief.

Affirmed.

_____