**UNITED STATES of America, Appellee,**

v.

**Jay Tee SPURGEON, also known as Tee Tee, Defendant–Appellant.**

**No. 1591, Docket 96–1448.**

United States Court of Appeals, Second Circuit.

Argued May 19, 1997.

Decided May 30, 1997.

Susan Corkery, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY (Zachary W. Carter, United States Attorney, Samuel W. Buell, Assistant United States Attorney, Eastern District of New York, of counsel), for Appellee.

James R. Froccaro, Jr., Port Washington, NY, for Defendant–Appellant.

Before: WALKER, McLAUGHLIN, and PARKER, Circuit Judges.

PER CURIAM:

The defendant, Jay Tee Spurgeon, appeals from a judgment of conviction entered by the United States District Court for the Eastern District of New York (David G. Trager, *Judge*) upon the defendant's plea of guilty to the charge of being a convicted felon in possession of a gun in violation of 18 U.S.C. § 922(g). Judge Trager sentenced Spurgeon to a 57–month term of imprisonment and a three-year term of supervised release. In

this appeal defendant challenges the district court's calculation of his sentence. Specifically, he challenges the district court's four-point enhancement under U.S.S.G. § 2K2.1(b)(5) for "possess[ing] a firearm or ammunition in connection with another felony offense," in this case, a drug trafficking offense. We affirm.

Section 2K2.1(b)(5) of the Sentencing Guidelines requires district judges to enhance a sentence by four points "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense...." Spurgeon makes two arguments on appeal: (1) that there was insufficient evidence on which the district court could base a finding that he had committed a felony while in possession of a firearm and, (2) failing that, that he did not "possess" the gun "in connection with" a felony.

 As to the first challenge, the defendant's argument is unavailing. Under § 2K2.1(b)(5), "felony offense" means "any offense (state, federal, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought or a conviction obtained." U.S.S.G. § 2K2.1 Commentary, App. Note 7. Although the government bears the burden of establishing that a defendant committed a "felony offense," they need only do so, in the context of sentencing, by a preponderance of the evidence. *See United States v. Sasso*, 59 F.3d 341, 353 (2d Cir.1995). Moreover, such a determination is a finding of fact which may be upset only if clearly erroneous. *United States v. Dodge*, 61 F.3d 142, 146 (2d Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 428, 133 L.Ed.2d 343 (1995); *see also* 18 U.S.C. § 3742(e).

In this case, the government provided sufficient evidence to permit the district court to find that Spurgeon was involved in a conspiracy to distribute narcotics of some kind. In particular, the evidence—from a suppression hearing and the Presentence Investigation Report ("PSI")—indicated the following facts. The police arrived at the defendant's apartment following an armed robbery. As described to the police by defendant, the assailant demanded money as well as the "30 keys" (presumably referring to 30 kilograms

of cocaine or heroin). As to the money, the defendant was recorded (on a telephone answering machine that happened to be recording at the time) responding, "It's in East New York." The defendant, and a woman with him at the time, were bound and gagged by the robbers. A pillow was placed over defendant's head by one of the assailants, and the defendant heard guns cock; however, frightened by the voice of one of defendant's friends, the assailants left without firing a shot.

During a search of the apartment, while investigating the robbery in response to a complaint by a neighbor, police discovered beneath defendant's bed a large bag containing an assault rifle (described in the PSI as an AK-47), a banana ammunition clip, and ammunition for that gun as well as for two other types of weapons. They also found in the bag a triple beam scale. According to the PSI, there was cocaine residue on the scale. In the apartment, the police also found notes describing drug transactions, a police scanner tuned to frequencies of local precincts, a bullet-proof vest, and a beeper. Upon entering the defendant's apartment, they observed a crack vial on the floor.

On the basis of these facts, we cannot say that the district court was clearly erroneous in concluding that the defendant was engaged in a felony at the time the weapon was discovered. *United States v. Chalarca*, 95 F.3d 239, 244 (2d Cir.1996) (describing the "clear error" standard as whether an appellate court is " 'left with the definite and firm conviction that a mistake has been committed' ") (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

 The defendant also challenges the district court's finding that the weapon found in his possession was possessed "in connection with" a felony. To date, this circuit has not construed the "in connection with" language of U.S.S.G. § 2K2.1(b)(5). However, a consensus in the circuits has developed on the matter. The First, Fourth, Seventh, Ninth, and Tenth Circuits have held that the "in connection with" language of § 2K2.1(b)(5) should be construed as equivalent to the "in

relation to" language of 18 U.S.C. § 924(c)(1). *See United States v. Wyatt*, 102 F.3d 241, 247 (7th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1325, 137 L.Ed.2d 486 (1997); *United States v. Nale*, 101 F.3d 1000, 1003–04 (4th Cir.1996); *United States v. Thompson*, 32 F.3d 1 (1st Cir.1994); *United States v. Routon*, 25 F.3d 815 (9th Cir.1994); *United States v. Gomez–Arrellano*, 5 F.3d 464 (10th Cir.1993). *But see United States v. Condren*, 18 F.3d 1190, 1195–98 (5th Cir.) (analogizing § 2K2.1(b)(5)'s "in connection with" language to § 2D1.1(b)(1) of the Guidelines which imposes a looser nexus requirement than would 18 U.S.C. § 924(c)(1)), *cert. denied*, 513 U.S. 856, 115 S.Ct. 161, 130 L.Ed.2d 99 (1994). The Seventh Circuit recently described the standard as follows:

> So long as the government proves by a preponderance of the evidence that the firearm served some purpose with respect to the felonious conduct, section 2K2.1(b)(5)'s "in connection with" requirement is satisfied; conversely, where the firearm's presence is merely coincidental to that conduct, the requirement is not met. .

*Wyatt*, 102 F.3d at 247. *See also United States v. Santos*, 64 F.3d 41, 45 (2d Cir.1995) (" '[T]he firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence.' ") (quoting *Smith v. United States*, 508 U.S. 223, 238, 113 S.Ct. 2050, 2059, 124 L.Ed.2d 138 (1993)), *vacated on other grounds*, —— U.S. ——, 116 S.Ct. 1038, 134 L.Ed.2d 186 (1996) (mem.).

■ In our view, the Seventh Circuit's discussion in *Wyatt* set forth the appropriate approach to construing U.S.S.G. § 2K2.1(b)(5). Because the Guidelines do not specifically define "in connection with," the phrase should be given its ordinary meaning. *See Smith*, 508 U.S. at 228, 113 S.Ct. at 2053–54. The phrase "in connection with" is materially indistinguishable from the "in relation to" language of 18 U.S.C. § 924(c)(1); thus, that statute provides a ready definition to which we may naturally refer, along with a significant body of surrounding precedent. Accordingly, we adopt

the reasoning of our sister circuits and hold that "in connection with" in U.S.S.G. § 2K2.1(b)(5) is the equivalent of "in relation to" in 18 U.S.C. § 924(c)(1).

Given the considerable indicia of defendant's involvement in a conspiracy to distribute narcotics, the presence of the assault weapon in a bag along with a triple beam scale (a common tool of the narcotics trade), and defendant's own assertion that he had the weapon for protection, *see, e.g., Smith*, 508 U.S. at 238, 113 S.Ct. at 2059 (noting that under § 924(c)(1) a weapon that "merely facilitates the offense by providing a means of protection or intimidation" satisfies the statute's "in relation to" requirement), we cannot say that the district court finding that a firearm was possessed "in relation to" a felony was in error.

We affirm.