UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-4648

JAREEN LAMONT MOSES,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-96-974)

Submitted: June 2, 1998

Decided: July 28, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Sean Kittrell, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jareen Lamont Moses appeals the fifty-two-month sentence he received after his guilty plea to being a felon in possession of a fire-arm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1998), and to possession of cocaine with intent to distribute, 21 U.S.C.§ 841 (1994). He con-tends that the district court erred in finding that (1) the sentence could be enhanced under USSG § 2K2.1(b)(5)* on the ground that the fire-arm was possessed in connection with a drug trafficking offense, and (2) Moses possessed the firearm in connection with drug trafficking. We affirm.

Moses was stopped for a traffic violation and found to be driving on a suspended license. A loaded pistol with an obliterated serial number was under the driver's seat. During a strip search at the county jail, police discovered that Moses was carrying twenty-six plastic bags containing 11.5 grams of cocaine powder. Moses pled guilty to charges of being a felon in possession of a firearm and cocaine trafficking. In his interview with the probation officer, Moses admitted that he had been selling drugs for several years. He said he had recently bought the pistol to protect himself and his girlfriend.

The probation officer recommended a four-level enhancement under USSG § 2K2.1(b)(5) for possession of the firearm in connec-tion with another felony offense. Moses objected, arguing that all "trafficking" offenses were excluded under Application Note 18 to USSG § 2K2.1. Application Note 18 states:"As used in subsections (b)(5) and (c)(1), `another felony offense' and`another offense' refer to offenses other than explosives or firearms possession or trafficking offenses." At sentencing, Moses' attorney acknowledged that the Tenth Circuit had rejected this interpretation in United States v.

_____

*U.S. Sentencing Guidelines Manual (1995).

2

Gomez-Arrellano, 5 F.3d 464, 466-67 (10th Cir. 1993). On appeal, however, he argues that Application Note 18 is ambiguous and should be construed in the manner most favorable to him under the rule of lenity. See Bifulco v. United States, 447 U.S. 381, 387 (1980) (federal criminal statute should not be interpreted so as to increase penalty when statute is ambiguous). We find that Application Note 18 is not ambiguous and that it excludes from consideration only weapons trafficking offenses. Therefore, the district court did not err in finding that drug trafficking offenses may be the basis for an enhancement under USSG § 2K2.1(b)(5).

Second, Moses argues that the government did not prove that he possessed the gun in connection with his drug trafficking. In United States v. Nale, 101 F.3d 1000, 1003-04 (4th Cir. 1996), this court adopted the view of the First, Ninth, and Tenth Circuits that the phrase "in connection with," as used in USSG§ 2K2.1(c), is best interpreted by analogy to the definition of the phrase "in relation to" used in 18 U.S.C.A. § 924(c) (West Supp. 1998). See Nale, 101 F.3d at 1004. Nale also held that "in relation to," as used in § 924(c), has been defined by the Supreme Court as meaning that the weapon facilitated or potentially facilitated the offense. See Smith v. United States, 508 U.S. 223, 237-38 (1993) ("[T]he firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence."); Nale, 101 F.3d at 1003.

Here, Moses pled guilty to a drug trafficking offense and he possessed both the drugs and the firearm when he was arrested. In ruling on the enhancement, the district court first stated that the issue was "whether or not the gun had the potential of facilitating a drug trafficking offense," thus using the standard adopted by this court in Nale. The district court then found that the pistol facilitated the drug offense because it was available to Moses to protect his drugs. We find that this factual finding was not clearly erroneous because Moses admitted that he bought the pistol to protect himself as well as his girlfriend. Under Smith, a weapon that "merely facilitates the offense by providing a sense of protection or intimidation" is possessed in relation to the offense. Smith, 508 U.S. at 238; see also United States v. Spurgeon, 117 F.3d 641, 644 (2d Cir. 1997). Therefore, the district court did not err in rejecting Moses' implied assertion that his desire

3

to protect himself was unrelated to his drug trafficking, and finding that Moses possessed the pistol in connection with another felony offense.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4