**UNITED STATES of America,**
**Appellee,**

v.

**Anthony MCCARGO, Defendant–**
**Appellant.**

**No. 07–0626–cr.**

United States Court of Appeals,
Second Circuit.

May 30, 2008.

Paul J. Evangelista, Assistant Federal Public Defender (Molly Corbett, on the brief), Albany, N.Y., for Defendant–Appellant.

Brenda K. Sannes (Robert A. Sharpe, of counsel), Assistant United States Attorneys for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, N.Y., for Appellee.

Present: Hon. ROBERT A. KATZMANN and Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. J. GARVAN MURTHA, District Judge.[1]

1. The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

2. The Sentencing Commission redesignated § 2K2.1(b)(5) as § 2K2.1(b)(6), effective No-

## SUMMARY ORDER

The defendant, Anthony McCargo, appeals from his sentence of, *inter alia,* 74 months' imprisonment pursuant to a judgment of conviction entered January 25, 2007. McCargo pleaded guilty to one count of escaping from the custody of the Attorney General in violation of 18 U.S.C. § 751(a), and one count of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

McCargo raises four challenges to his sentence: (1) that the district court improperly applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for possession of a firearm in connection with a felony,[2] (2) that the district court improperly applied a two-level enhancement for reckless endangerment under U.S.S.G. § 3C1.2; (3) that the district court's factual findings were inadequate under Fed. R.Crim.P. 32(i)(3)(B); and (4) that the district court erred by not granting his request for an evidentiary hearing. We find all of these arguments to be unavailing and affirm the sentence.

U.S.S.G. § 2K2.1(b)(5) provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." "We review a district court's legal interpretations of

vember 1, 2006. U.S.S.G. app. C, Nov. 1, 2006 supp., amend. 691, at 171. We refer to it throughout this opinion by its old classification to be consistent with the record.

the Sentencing Guidelines *de novo* and the factual findings supporting its offense level calculations for clear error." *United States v. Velez,* 357 F.3d 239, 241 (2d Cir. 2004). We have not yet decided specifically what standard of review is appropriate with respect to a determination that possession of a firearm is "in connection with" a felony when the facts are undisputed. *United States v. Ortega,* 385 F.3d 120, 122–23 & n. 1 (2d Cir.2004) (per curiam). In *Ortega,* we did, however, note that "our previous cases ... strongly suggest that the determination of whether a firearm was possessed 'in connection with' the commission of another felony is a factual one subject to review for clear error." *Id.* at 122 n. 1. In *Ortega* itself, we did not decide the issue because we would have affirmed the enhancement even under the *de novo* standard. *Id.* at 122–23. We follow the same approach in this case.

"So long as the government proves by a preponderance of the evidence that the firearm served some purpose with respect to the felonious conduct, section 2K2.1(b)(5)'s 'in connection with' requirement is satisfied; conversely, where the firearm's presence is merely coincidental to that conduct, the requirement is not met." *United States v. Spurgeon,* 117 F.3d 641, 644 (2d Cir.1997) (per curiam) (quoting *United States v. Wyatt,* 102 F.3d 241, 247 (7th Cir.1996)). McCargo concedes that he possessed the firearm, but contests whether it was used in connection with another felony offense, in this case, his escape from federal custody, to wit a halfway house. In his view, his escape was completed on the day he left the halfway house and did not return, and the fact that he was in possession of a handgun months later when he was captured by the police was merely "coincidental" to the offense and not "in connection with" it. But, as the Supreme Court has noted, escape from custody is a "continuing of-

fense." *United States v. Bailey,* 444 U.S. 394, 413, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). McCargo's admission that he acquired the gun for "protection" is therefore sufficient to show that he possessed it in connection with the felony—and that such possession was not merely coincidental. *See Spurgeon,* 117 F.3d at 644 (the "defendant's own assertion that he had the weapon for protection" indicated that the possession of the firearm was in connection with a narcotics felony); *see also United States v. Brown,* 314 F.3d 1216, 1224 (10th Cir.2003) (holding that "in light of our recognition that escape presents a continuing threat of violence until the escapee is safely returned to custody, we hold that for purposes of § 2K2.1(b)(5), every escape is sufficiently continuing such that possession of a gun subsequent to the initial departure from custody can qualify as being 'in connection with' the escape"). Therefore, the enhancement was appropriate.

■ McCargo also challenges the district court's application of an enhancement for reckless endangerment under U.S.S.G. § 3C1.2, which provides for a two-level increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." We review a district court's determination that a defendant's conduct created such a risk for clear error. *See United States v. Williams,* 254 F.3d 44, 47 (2d Cir.2001) (per curiam). When stopped by the officer chasing him, McCargo threw his loaded firearm, which had a live round in the chamber, over a wooden fence, not knowing what was on the other side. Under such circumstances, we find no error in the district court's decision to apply the enhancement. *Cf. United States v. Slaughter,* 386 F.3d 401, 404 (2d Cir.2004) (per curiam).

Finally, McCargo challenges the manner in which the district court made its factual findings, insofar as the court simply accepted the facts and recommendations as reported in the presentence report. Although it certainly would have been preferable for the district court to say more, a "district court satisfies its obligation to make 'findings sufficient to permit appellate review ... if the court indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations in the [presentence report].' " *United States v. Prince*, 110 F.3d 921, 924 (2d Cir.1997) (quoting *United States v. Thompson*, 76 F.3d 442, 456 (2d Cir.1996)). The district court's findings were therefore adequate. McCargo also suggests that the district court erred by not holding an evidentiary hearing, but this claim is meritless as well, as we have held that a district court is not required to hold such a hearing, so long as it has given the defendant an opportunity to rebut the government's allegations. *See United States v. Phillips*, 431 F.3d 86, 93 (2d Cir.2005). McCargo had ample opportunity to rebut the government's claims in a written memorandum and orally at the sentencing hearing; as such, the district court did not err by not holding an evidentiary hearing.

We have considered all of McCargo's other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.