No. 09-2019-cr
United States v. Goodwin

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of September, two thousand ten.

PRESENT:   JOSEPH M. McLAUGHLIN,
           GERARD E. LYNCH
                          *Circuit Judges,*
           WILLIAM K. SESSIONS,
                          *District Judge.*[*]

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
                          *Appellee,*


                v.                                          No. 09-2019-cr


TIMOTHY GOODWIN, also known as Tech,
also known as Tex,
                          *Defendant-Appellant.*

--------------------------------------------------------------------

FOR APPELLANT:       J. Scott Porter, Seneca Falls, New York.

FOR APPELLEE:        Brenda K. Sannes, Assistant United States Attorney (Kevin P.
                     Dooley, Assistant United States Attorney, on the brief) *for*
                     Richard S. Hartunian, United States Attorney for the Northern

---

[*] The Honorable William K. Sessions III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Senior Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is VACATED and REMANDED.

Timothy Goodwin appeals from consecutive sentences of 120 months in prison imposed for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and 30 months in prison for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the relevant facts and procedural history of this case, and the issues presented on this appeal.

Goodwin's conviction stems from a threat he made to "bust [Janice Robinson] in the face with [his] gun" for getting involved in his "business." That threat led Robinson to call the police and report that Goodwin was a drug dealer who possessed a gun. Pursuant to a warrant, the police searched the apartment of Edith Ellis, where Goodwin was allegedly living, and found marijuana and marijuana packaging materials belonging to Goodwin. The gun, however, was not found at Ellis's apartment. Robinson recovered the gun at a separate residence where Goodwin had stashed it, and turned it over to the police.

On this appeal, Goodwin challenges the district court's imposition of a four-level sentencing enhancement for possessing a firearm "in connection with" another felony offense, *i.e.*, his marijuana distribution, pursuant to U.S.S.G. § 2K2.1(b)(6). Section

2K2.1(b)(6) of the Sentencing Guidelines provides for such an enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The Commentary to this Guideline provision addresses the "in connection with" standard, stating that:

> (A) In General. – Subsection[] (b)(6) . . . appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . .
>
> (B) Application When Other Offense is Burglary or Drug Offense. – Subsection[] (b)(6) . . . appl[ies] . . . in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In th[is] case[], application of subsection[] (b)(6) . . . is warranted because the presence of the firearm has the potential of facilitating another felony offense . . . .

U.S.S.G. § 2K2.1, cmt. n. 14. We have adopted the Seventh Circuit's approach to the "in connection with" standard that "[s]o long as the government proves by a preponderance of the evidence that the firearm served some purpose with respect to the felonious conduct, section 2K2.1(b)([6])'s 'in connection with' requirement is satisfied; conversely, where the firearm's presence is merely coincidental to that conduct, the requirement is not met." United States v. Spurgeon, 117 F.3d 641, 644 (2d Cir. 1997), quoting United States v. Wyatt, 102 F.3d 241, 247 (7th Cir. 1996).

The district court found that there was sufficient evidence to conclude that Goodwin possessed the firearm "in connection with" his drug dealing and that the enhancement therefore applied. It based this conclusion principally on the finding that Goodwin "telephoned [Robinson] regarding his 'business' (which the Court believed to

3

reference his drug dealing business) and threatened to assault her with the gun." Because "[t]he evidence established that Defendant made threats of assaulting an individual with the firearm in relation to his illegal drug business . . . [,] [t]he reasonable inference to be drawn from this is that Defendant used and/or possessed a firearm in connection with drug dealing."

The government concedes that the district court erroneously based its ruling on a fact not supported by the record, namely, that Goodwin used the gun to threaten Robinson with respect to his drug trafficking "business." Robinson testified that Goodwin was referring to his personal "business," and that Goodwin threatened her because he believed Robinson had told his girlfriend that he was being unfaithful.

Because the court relied on a fact not supported by record evidence in applying the enhancement, the government concedes that the sentence must be vacated, but argues that we should remand the case to allow the district court to reconsider the issue in light of the actual evidence. Goodwin, however, argues that there is insufficient evidence in the record to support the enhancement, and that we therefore should direct the district court to resentence him without including the four-level firearm enhancement. We find that an open-ended remand is appropriate because the facts relating to whether the enhancement might apply are unclear.

The government argues that there are ample facts in the record to support applying the enhancement. It argues that Goodwin lived at Ellis's apartment where he stored and sold marijuana, and that, while the gun was not found in Ellis's apartment when the

4

police searched it, there was substantial evidence that Goodwin previously possessed the gun at the apartment. The government also states that Goodwin, who allegedly made a living as a drug dealer, frequently carried the gun and made a point of showing it to others. It argues that these facts establish that the gun had the potential to protect or otherwise facilitate Goodwin's marijuana trafficking, and that the enhancement therefore should apply.

Goodwin disputes most of these factual assertions. He argues that he lived at the home of his girlfriend, Tia Lawrence, not at Ellis's apartment, and he maintains that, contra the government's claims, there is no evidence that he sold marijuana from Ellis's apartment, that he ever possessed or carried the gun when he sold marijuana, or that he sold any drugs at all during the two weeks he possessed the gun. Goodwin emphasizes that, unlike other cases where we have upheld application of the enhancement, the gun was found not "in close proximity" to the drugs, but at an entirely separate residence. Goodwin contends that because the mere simultaneous possession of a gun while possessing marijuana with the intent to distribute is not sufficient to apply the enhancement, and because there was no direct evidence that Goodwin used the gun, or planned to use the gun in any way connected to his drug trafficking, there is insufficient evidence to impose the enhancement.

Thus, the parties dispute numerous factual issues. If the district court were to find all the facts that the government argues have been established, the case would present a close call as to whether the enhancement could be justified. Cf. United States v. Lasanta,

978 F.2d 1300, 1309 (2d Cir. 1992) (noting that conviction under 18 U.S.C. § 924(c)(1) for carrying a firearm during and "in relation to" a drug-trafficking crime, the standard for which is the equivalent of the "in connection with" standard, was not sustainable "any time a conspirator carried a gun during the course of a conspiracy"), abrogated on other grounds by Florida v. White, 526 U.S. 559 (1999); but see Spurgeon, 117 F.3d at 644 (finding "in connection with" standard satisfied where there was proof that defendant was involved in a conspiracy to distribute narcotics, an assault weapon was found in a bag with a scale with cocaine residue on it, and the defendant had asserted he had the weapon for protection). Because the district court relied on the erroneous finding regarding Goodwin's "business" in applying the enhancement, we cannot know how the district court would resolve the disputed factual issues, or whether it would find that the enhancement is warranted on whatever facts it found.

Because we do not know whether the district court would apply the enhancement absent the erroneous factual finding it relied on, and, because the facts in dispute have not been found by the district court, we remand to the district court to reassess whether the enhancement is justified without relying on the erroneous finding that Goodwin had used the gun to threaten a person in connection with his drug trafficking business.

For the foregoing reasons, the judgment of the district court is VACATED and the matter is REMANDED to the district court for further proceedings not inconsistent with this Order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court