15-1326-cr
*United States v. Joshua Crum*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT:    CHESTER J. STRAUB,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

            v.                                              15-1326-cr

JOSHUA CRUM,
                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                       ALEXANDER ROSSMILLER, Michael A. Levy,
                                    Assistant United States Attorneys, *for* Preet
                                    Bharara, United States Attorney for the
                                    Southern District of New York, New York,
                                    New York.

FOR DEFENDANT-APPELLANT:      DANIEL HABIB, Federal Defenders of New York, Inc., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Joshua Crum appeals from the district court's judgment entered April 17, 2015, convicting him, following his guilty plea, of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 992(g)(1).  The district court sentenced Crum principally to 71 months' imprisonment and three years' supervised release.  On appeal, Crum challenges the district court's decision, rendered orally following an evidentiary hearing on April 15, 2015, that Crum was subject to a four-level enhancement for having used or possessed the firearm that was the basis of his conviction in connection with another felony offense, namely a robbery.  *See* U.S.S.G. § 2K2.1(b)(6)(B).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's findings of fact for clear error.  *United States v. Spurgeon*, 117 F.3d 641, 643 (2d Cir. 1997).  A finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir.

2

2007) (quoting *United States v. Hazut*, 140 F.3d 187, 190 (2d Cir. 1998)). If the district court's findings are "plausible in light of the record viewed in its entirety," they should be affirmed. *United States v. Reilly*, 76 F.3d 1271, 1276 (2d Cir. 1996) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)). In making its sentencing determinations, the district court may rely on hearsay evidence. *United States v. Gomez*, 580 F.3d 94, 105 (2d Cir. 2009).

Upon review of the record, we conclude that the district court's finding that Crum committed a robbery with the firearm that was the basis of his conviction was not clearly erroneous. The witness Virguen Carmona made two contemporaneous 911 calls in which she described men committing a robbery with a "revolver." App. at 107-08, 109-110. Carmona gave a description of two of the men and stated that one was wearing a white shirt and the other a black shirt. *Id.* at 110. Carmona also took a photograph of the two men, which showed one in a white shirt and one in a black shirt. *Id.* at 42-44, 106. Officer Corey Wooten arrived on the scene minutes after the first 911 call and encountered Crum and a companion wearing similar clothes to what Carmona reported to the 911 dispatcher. *Id.* at 70-72, 110. Crum was wearing a black shirt. *Id.* at 71-72. Wooten saw Crum with the revolver, and Crum later admitted to having one in his possession at that time. *Id.* at 25-26, 72. Wooten later retrieved a revolver from underneath a car near which Crum had been crouching. *Id.* at 72-74. And the hearsay accounts of the three witnesses were consistent with each other and with the agents'

3

testimony.  *Id*. at 37-38, 44-48.  Accordingly, Crum has not met his burden of establishing that the district court clearly erred or that a mistake was committed.

We have reviewed Crum's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk