17-1728-cr
*United States v. Rodriguez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand eighteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPER F. DRONEY,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.

No. 17-1728-cr

ANTHONY RODRIGUEZ,

> *Defendant-Appellant.*

---

| | |
|---|---|
| Appearing for *Appellee*: | JASON A. RICHMAN, Assistant United States Attorney, (Diane Gujarti, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y. |
| Appearing for *Defendant-Appellant*: | EZRA SPILKE, Law Offices of Ezra Spilke, Brooklyn, N.Y. |

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 30, 2017, is **AFFIRMED**.

Anthony Rodriguez appeals from a judgment entered on his plea of guilty to two counts of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). His sole challenge is to the district court's determination that his possession of the ammunition was connected to the attempted murder of occupants of a moving vehicle at which he had shot and the court's resulting use of Section 2A2.1(a)(1) of the United States Sentencing Guidelines (U.S.S.G.), which applies the elements of first degree murder set forth in 18 U.S.C. § 1111, to calculate Rodriguez's sentence. He asserts that the record, consisting of a surveillance tape showing Rodriguez shooting at an on-coming vehicle, is insufficient to support the conclusion that he was engaged in attempted murder and had a specific intent to kill the occupants of the vehicle. He argues he should have been sentenced using the Guidelines applicable to aggravated assault. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rodriguez's argument that the district court erred by considering the incorrect Guideline section applicable to his offense raises a procedural challenge to his sentence. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We review the district court's determination of an appropriate sentence under an

2

"either/or approach," applying a *de novo* standard of review when the district court's application determination was primarily legal in nature and applying a clear error approach when the determination was primarily factual. *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006). The government bears the burden of proving by a preponderance of the evidence that the defendant committed the offense that yields the Guidelines calculation used to determine the sentence. *United States v. Spurgeon*, 117 F.3d 641, 643 (2d Cir. 1997) (per curiam).

Rodriguez argues we should review *de novo* the district court's application of U.S.S.G. § 2K2.1, which the court concluded resulted in the use of § 2A2.1(a)(1) to determine Rodriguez's base offense level on count 1. We need not and do not decide whether we must do so, however, because even under the *de novo* review that he requests, his appeal does not succeed. Based on our review of the district court's findings and the surveillance video of the October 2015 shooting, we conclude, as did the district court, that Rodriguez's actions constituted attempted first degree murder and that he acted with the specific intent to commit that crime. *See id.*; *Braxton v. United States*, 500 U.S. 344, 351 n.* (1991). The video establishes that he acted deliberately and with the specific intent to kill by bringing a firearm to the scene, waiting for a specific vehicle to approach from down the street, concealing his presence before firing four shots into the vehicle at close range, and then by appearing calmly to leave the scene of the shooting. Thus it is clear to us that Rodriguez acted with premeditation, deliberation, and a specific intent to kill the vehicle's occupant

or occupants. The district court therefore did not err by applying U.S.S.G. § 2A2.1(a)(1) to calculate Rodriguez's Guidelines score and ultimately his sentence.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court